IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

HUBER RODRIGUEZ,

Petitioner,

vs.                                                             8:26-CV-318

MARKWAYNE MULLIN, in his                         ORDER
official Capacity as Secretary of the
Department Of Homeland Security, et
al.,

Respondents.

The petitioner has filed a petition for a writ of habeas corpus, seeking immediate release from U.S. Immigration and Customs Enforcement custody in the McCook Detention Center in McCook, Nebraska. Filing 1. The petitioner alleges that he was detained on May 16, 2026, and that his continued detention is unlawful. *See* filing 1 at 4.

But the petitioner's transfer into ICE custody was his first contact with U.S. immigration authorities after his entry into the United States in 2022. *See* filing 1 at 3-4; filing 8 at 4-5. He doesn't claim that, prior to his detention, he had been admitted or paroled into the country. *See* filing 1 at 3-4. Accordingly, this case presents a straightforward application of the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026): The petitioner was "seeking admission" to the United States when detained, and is subject to detention without bond pursuant to 8 U.S.C. § 1225(b)(2)(A).

The petitioner acknowledges the government's statutory authority to detain him. *See* filing 1 at 9. Instead, he asserts that his continued detention violates due process. *See* filing 1 at 10-12. But the Eighth Circuit has held that the Due Process Clause permits the government to detain an alien for as long as deportation proceedings are still pending and removal in the reasonably

foreseeable future remains a possibility. *Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024) (citing *Demore v. Kim*, 538 U.S. 510 (2003)). And the petitioner has identified no reason to believe that his removal to Mexico, his country of origin, is unlikely or unforeseeable as a practical matter. *See id.* (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001)). Accordingly, under current Eighth Circuit precedent, the petitioner's present detention is lawful.[1]

IT IS ORDERED:

1.      The petition for writ of habeas corpus is denied.

2.      A separate judgment will be entered.

Dated this 15th day of July, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

[1] The petitioner notes a recent Fifth Circuit opinion holding that indefinite detention without a bond hearing pursuant to 1225(b)(2)(A) violates due process, but presuming that detention was reasonable for 90 days (although the panel decision has since been vacated on an order for rehearing en banc). Filing 10 at 2 (citing *Sosnava Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557 (5th Cir. July 2, 2026), *reh'g en banc granted, opinion vacated*, No. 26-50183, 2026 WL 2014647 (5th Cir. July 10, 2026)). The Court expresses no opinion on the merits of that panel decision, as such a claim—were the petitioner to assert one—is not yet ripe.